Allen v. Land Res. Group of N.C., LLC, 2010 NCBC 15.

STATE OF NORTH CAROLINA

COUNTY OF RUTHERFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 1283

HERSCHEL ALLEN and wife,
ELIZABETH P. ALLEN; SVEN RONNY
CARLSSON   and wife, SUSAN P.
CARLSSON A/K/A CARLSSON
INVESTMENTS, LLC; WAYNE COX and
wife, JOSEPHINE COX; GLENN A. DAY
and wife, KATHERINE KOSTOFF-DAY;
CALVIN C. HENDERSON and wife,
ELAINE W. HENDERSON; JOHN J.
KASIANOWICZ and wife, RACHEL H.
KASIANOWICZ; GLENN M. SWARTZ,
JR. and wife, DAWNA L. SWARTZ; DAVID
LEE WOOD; STEPHEN PETER BLOOM;
MARCOS I. RUBERT and wife, KATHRYN
M. RUBERT; and BRIAN J. KREBS,

           Plaintiffs,

v.

LAND RESOURCE GROUP OF NORTH
CAROLINA, LLC, a North Carolina limited
liability company, LAND RESOURCE
DEVELOPMENT GROUP, INC., a Georgia
corporation, LAND RESOURCE GROUP,
INC., a Georgia corporation, LR BUFFALO
CREEK, LLC, a Georgia limited liability
company; LAND RESOURCE, LLC a/k/a
LAND RESOURCE COMPANIES, LLC, a
Georgia limited liability company, together
with the following parties who have not
filed for bankruptcy protection as of this
date: MIKE FLASKEY; J. ROBERT WARD;
PAUL BEIDEL; ROB VACKO; SCRIPPS
NETWORK INTERACTIVE d/b/a HGTV;
MITCH BEN MILLER; SOUTHERN H.O.A.
MANAGEMENT, LLC; CLARK
CHAMPION; TAMMY MIKESELL;
ROBERT L. HULLETT; HOWARD
HULLETT APPRAISALS AND REALTY
INC.; MARIE A. FOX; TWO DAY
APPRAISAL; RANDALL COCHRAN;

ORDER ON MOTION
TO SEVER

JEANETTE MANNER-JONES; BRANCH BANKING & TRUST COMPANY; BANK OF AMERICA CORPORATION; JOHN DOE OFFICERS OF LAND RESOURCE GROUP OF NORTH CAROLINA, LLC; JOHN DOE OFFICERS OF LAND RESOURCE DEVELOPMENT GROUP, INC.; JOHN DOE OFFICERS OF LAND RESOURCE GROUP, INC.; JOHN DOE OFFICERS OF LR BUFFALO CREEK, LLC; JOHN DOE OFFICERS OF LAND RESOURCE, LLC a/k/a LAND RESOURCE COMPANIES, LLC; JOHN DOE DIRECTORS OF LAND RESOURCE GROUP OF NORTH CAROLINA, LLC; JOHN DOE DIRECTORS OF LAND RESOURCE DEVELOPMENT GROUP, INC.; JOHN DOE DIRECTORS OF LAND RESOURCE GROUP, INC.; JOHN DOE DIRECTORS OF LR BUFFALO CREEK, LLC; and JOHN DOE DIRECTORS OF LAND RESOURCE, LLC a/k/a LAND RESOURCE COMPANIES, LLC,

Defendants.

{1}     This matter comes before the Court on the motion of Defendants J. Robert Ward, Michael Flaskey, Robert Vacko, Paul Beidel, Clark Champion, Jeanette Manner-Jones, Tammy Mikesell, Marie Fox Miller, Mitch Miller, Shannon Glover, Patrick Moore and Charlene Miller (collectively, the "LRC Individual Defendants") pursuant to Rules 20 and 21 of the North Carolina Rules of Civil Procedure asking the Court to sever the claims of the individual Plaintiffs.  The posture of this case and the pleadings raise issues with implications for similar litigation pending in the North Carolina Business Court and elsewhere.

{2}     As a result of the ongoing economic downturn and the burst of the real estate bubble in the United States economy, many real estate developments have gone into bankruptcy, leaving lots purchased in those developments undeveloped and worth less than the amount paid for them and less than the amount owed on

the mortgages secured when they were purchased.  Many of the developments had incomplete amenities and even lacked basic services such as roads and water when they collapsed, further diminishing the value of the lots purchased.

{3}     Significant litigation has followed the collapse of developments and development companies, as evidenced by the number of such cases pending in the North Carolina Business Court.  *See, e.g.*, *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, Brunswick County No. 10-CVS-781 (N.C. Super. Ct.); *Barry v. Ocean Isle Palms, Inc.*, Brunswick County No. 10-CVS-496 (N.C. Super. Ct.); *Barton v. Coastal Communities at Ocean Ridge Plantation, Inc.*, Brunswick County No. 10-CVS-314 (N.C. Super. Ct.); *Anderson v. Coastal Communities at Ocean Ridge Plantation, Inc.*, Brunswick County No. 09-CVS-1042 (N.C. Super. Ct.); *Branch Banking & Trust Co. v. Gilmartin*, New Hanover County No. 09-CVS-1208 (N.C. Super. Ct.); *Beadnell v. Coastal Communities at Ocean Ridge Plantation, Inc.*, Brunswick County No. 09-CVS-3376 (N.C. Super. Ct.); *Cabrera v. The Ridges at Morgan  Creek, LLC*, McDowell County No. 09-CVS-544 (N.C. Super. Ct.); *Abraham v. Jauregui*, Onslow County No. 09-CVS-3608 (N.C. Super. Ct.).  These cases are further complicated when claims are asserted against individuals and companies other than the developer, who may well be in bankruptcy.

{4}     Generally, plaintiffs assert claims in such cases for breach of contract, rescission, fraud, misrepresentation, unfair and deceptive trade practices, and violations of the Interstate Land Sales Full Disclosure Act.  Numerous plaintiffs with separate claims are routinely joined in one lawsuit with numerous and varied defendants.  Plaintiffs' claims diverge with respect to some of the defendants, and the pleadings often fail to specify who is being sued for what.

{5}     This case is a classic example.  There were originally twenty-two plaintiffs, twenty-nine named defendants, and at least fifteen causes of action.  Each plaintiff participated in his or her own transaction involving a specific lot or lots.  Each plaintiff may have dealt with different defendants, including different salespeople, different appraisers, and different banks, and each plaintiff may have had a different level of knowledge.  The defendants are varied and include officers and

owners of the development company as well as administrative employees and salesmen who had no ownership or control of the company, appraisers, banks and even TV show producers.

{6} After having been directed to plead their fraud and misrepresentation claims more specifically, Plaintiffs filed a 107-page Amended Complaint with 795 paragraphs. The Amended Complaint still does not clarify which claims are asserted by which plaintiff against which defendant. Complaints in similar cases suffer from the same deficiencies. The largest problems are created by the indiscriminate references to all "Defendants" when specific defendants should be identified.

{7} The pertinent rules of the North Carolina Rules of Civil Procedure are set forth below.

> Rule 8(a)(1): A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim shall contain a short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief.
>
> Rule 8(e)(1): Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
>
> Rule 9(b): In all averments of fraud, duress or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
>
> Rule 10(b): All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Rule 11(a) (excerpt): The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 20(a): All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 20(b): The court shall make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and shall order separate trials or make other orders to prevent delay or prejudice

Rule 21: Neither misjoinder of parties nor misjoinder of parties and claims is ground for dismissal of an action; but on such terms as are just parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action. Any claim against a party may be severed and proceeded with separately.

{8}   The rules specified above are all designed to impose upon counsel and the courts the obligation to conduct litigation in a cost-effective and efficient manner. The rules provide judges with wide latitude in their enforcement and in managing litigation. The goal is to ensure that parties are not forced to settle cases based on considerations other than the merits of the claims and defenses.

{9} Rule 8 calls for simple, concise and direct pleadings which are sufficiently particular to give the court and each defendant fair notice of what claims the plaintiff is asserting against each of the defendants and the grounds upon which the claims rest. That directive is supplemented by Rule 9's requirement that fraud and similar claims include allegations of all material facts and circumstances constituting the alleged fraud. Our courts have based the requirement for particularity of pleading in fraud cases in part on the wide variety of potential conduct that can constitute fraud and the need for specificity to protect defendants from unjustified injury from general allegations. *Terry v. Terry*, 302 N.C. 77, 273 S.E.2d 674 (1981).

{10} Rule 10(b) provides further guidance by specifying that each paragraph be limited to a single set of circumstances and that each claim is founded upon a separate transaction or occurrence.

{11} The clear and simple purpose of these rules is to put the court and the parties on notice of the claims asserted against a party so that the claims can be managed by the court and defended by the party against whom they are asserted. Pleadings that fail to meet these requirements are deficient because they unnecessarily increase motion practice, the workload of the courts, the costs to the parties, and the friction between counsel. They also impact the basic fairness of the system as well as the costs. Pleadings that do not follow the rules subject the profession to criticism and cause the public to lose confidence in—or at least not understand—the justice system.

{12} Rules 20 and 21 provide the courts and counsel with management tools to join or sever parties and claims in a manner that promotes judicial economy and justice. The court cannot adeptly exercise its discretion with respect to these rules without clear pleadings that comply with the rules discussed earlier. Clear and concise pleadings that spell out which claims are asserted against which defendants are essential to the decision-making process under Rules 20 and 21.

{13} Rule 11 ensures that counsel have done their homework before filing claims, particularly those involving fraud and conspiracy to commit fraud. Having

done the work required by Rule 11, there is no excuse for not properly pleading separate causes of action that put each defendant on notice of the claims asserted against that defendant. Failure to properly plead separate causes of action and to identify specifically the party against whom a claim is asserted may be an indication of a Rule 11 violation.

{14} Despite its length and breadth, the Amended Complaint in this action fails to tell the Court or Defendants which claims are asserted against which defendants by which plaintiffs. Complaints in this type of case should clearly specify each claim that a plaintiff is asserting against a particular defendant.[1] With respect to fraud and misrepresentation claims, each such claim made against a defendant must be supported by specific allegations as to that defendant as required by Rule 9. By way of example, allegations of misrepresentations by a salesperson should specify each misrepresentation, the salesperson making the misrepresentation and the plaintiff to whom the misrepresentation was made.

{15} Claims against individuals or institutions that are based upon mere conclusory allegations of conspiracy to defraud or aiding and abetting fraud are insufficient. Such claims should be supported by factual allegation sufficient to apprise each defendant of the basis for his or her liability. Rule 9 requires that allegations of conspiracy to commit fraud or aiding and abetting fraud specify the factual basis and acts supporting the participation in the conspiracy. For example, claims of conspiracy to defraud against financial institutions loaning funds to borrowers secured by the property purchased should specify the basis for the financial institutions' knowledge of and participation in the conspiracy. Where known, the names of the specific employee of the financial institution knowing of and participating in the fraud should be pled.

{16} Care should be taken to distinguish owners/officers of defendant companies from non-managerial employees who have no authority and who do not benefit from the alleged fraud. Allegations of unfair and deceptive practices should specify the

---

[1] Family members may be grouped together.

actual acts or practices forming the basis of the claim and the defendants who allegedly committed those acts.

{17} In order for the Court to determine which claims should be tried together and which should be separated, Plaintiffs' counsel shall file within thirty (30) days of the entry of this Order a Statement of Claims in the form of the example attached hereto as Appendix A. At the close of discovery, the Court will determine whether to try each of Plaintiffs' claims individually or in groups of plaintiffs or claims. The Statement of Claims will be the beginning point for those determinations. The Court's goal will be to find the most efficient and economical way to present the claims to a jury.

SO ORDERED, this 22nd day of September, 2010.

APPENDIX A


STATEMENT OF CLAIMS


PLAINTIFF(S) 1 asserts the following claims against DEFENDANT 1:

(List all claims asserted against this Defendant)


1.   Violation of the Interstate Land Sales Full Disclosure Act (Failure to Provide Property Report): the transactions or occurrences on which the claim is founded

2.   Violation of Interstate Land Sales Full Disclosure Act (Fraud and Deceit Upon Purchasers): the transactions or occurrences on which the claim is founded

3.   Rescission: the transactions or occurrences on which the claim is founded

4.   Breach of Contract/Anticipatory Breach: the transactions or occurrences on which the claims are founded

5.   Breach of Covenant of Good Faith and Fair Dealing: the transactions or occurrences on which the claim is founded

6.   Negligence: the transactions or occurrences on which the claim is founded

7.   Fraud/Misrepresentation/Negligent Misrepresentation: all material facts and circumstances constituting the fraud/misrepresentation/negligent misrepresentation with particularity

8.   Breach of Fiduciary Duty:  the transactions or occurrences on which the claim is founded

9.   Fraud in the Inducement: all material facts and circumstances constituting the fraud in the inducement with particularity

10.  Constructive Fraud: all material facts and circumstances constituting the constructive fraud with particularity

11.  Unfair and Deceptive Trade Practices: the acts or practices forming the basis of the claim

12.  Obtaining Property by False Pretenses: all material facts and circumstances constituting the false pretenses with particularity

13.  Fraudulent Conveyance: all material facts and circumstances supporting the fraudulent conveyance claim with particularity

14. Piercing the Corporate Veil: the transactions or occurrences on which the claim is founded

15. Racketeer Influence and Corrupt Organizations: all material facts and circumstances constituting the racketeer influence and corrupt organizations claim with particularity

16. Punitive Damages: the transactions or occurrences on which the claim is founded

17. Civil Conspiracy/Aiding and Abetting: the factual basis and acts supporting the participation in the conspiracy with particularity